# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP C. ZINNI, III and JANET GAYE GARCIA,<br><br>        Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>        Defendants. | 2:11-CV-1539 JCM (PAL) |

## ORDER

Presently before the court is defendants Chase Home Finance, LLC, U.S. Bank National Association, and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #17). Defendant Cal-Western Reconveyance Corporation joined the motion to dismiss. (Doc. #19). Plaintiffs Phillip Zinni, III, et. al. filed an opposition. (Doc. #26). Defendants Chase Home Finance, LLC, U.S. Bank National Association, and MERS then filed a reply. (Doc. #30). Cal-Western Reconveyance Corporation joined the reply. (Doc. #31).

The property at issue in this case is located at 2805 Soaring Peak Avenue, Henderson, Nevada, 89052. (Doc. #1). Plaintiffs purchased this property with a $692,000 mortgage loan. (Doc. #1). Plaintiffs do not dispute that they are in default on their loan. (*See* Doc. #1).

. . .

**James C. Mahan**
**U.S. District Judge**

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #17). The complaint alleges five causes of action: (1) fraud, (2) wrongful foreclosure, (3) unjust enrichment, (4) violations of NRS § 107.080, *et. seq.*, and (5) slander of title. (Doc. #1). Defendants' primary contention is that plaintiffs' claims rely on the legally flawed argument that MERS did not have authority to act as a nominee, substitute the trustee, and/or assign the deed of trust. (Doc. #17). Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**I.  Count one: fraud**

In count one of the complaint, plaintiffs assert that MERS made false representations of material fact by recording the assignment of deed of trust and substitution of trustee. (Doc. #1). Plaintiffs argue that MERS did not have the authority to make assignments or substitutions.

1    Plaintiffs' legal arguments are contrary to the law. It is well-established that MERS has the
2 authority to make assignments and substitutions. *See, e.g.*, *Cervantes v. Countrywide Home Loans,*
3 *Inc.*, – F.3d –, 2011 WL 3911031 (9th Cir. Sept. 7, 2011); *In re Mortgage Electronic Registration*
4 *Systems (MERS) Litigation*, 2011 WL 4550189 (MDL Oct. 3, 2011). Because MERS had the
5 authority to assign the note and substitute the trustee, plaintiffs have not pled a cognizable fraud
6 claim. Plaintiffs have failed to identify any misrepresentations about MERS or the MERS system.
7 Indeed, by signing the deed of trust, plaintiffs acknowledged MERS' authority to make assignments
8 and substitutions. *See Cervantes*, 2011 WL 3911031 at *5.

**II.    Count two: wrongful foreclosure**

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in default when the power of sale was exercised." *Id.* Moreover, a claim for wrongful foreclosure does not arise until the power of sale is exercised. *Id.*

Plaintiffs' second claim fails as a matter of law because a non-judicial foreclosure has not taken place in this case. Accordingly, a claim for wrongful foreclosure has not yet arisen. *Collins*, 662 P.2d at 623.

Further, assuming, *arguendo*, that this claim is timely, plaintiffs have never established that they are not in default. At best, plaintiffs argue that "[a]t no point in [p]laintiffs' [c]omplaint do [p]laintiffs allege that they are in default of his (sic) note." (Doc. #26). However, this pleading falls short of the requirements of a valid wrongful foreclosure claim; plaintiffs, at a minimum, must "establish that . . . no breach of condition or failure of performance existed." *Collins*, 662 P.2d at 623. Plaintiffs have failed to plead a valid wrongful foreclosure claim.

**III.   Count three: unjust enrichment**

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Plaintiffs' complaint admits that the parties entered into an express contract when they executed the deed of trust and note. (Doc. #1). Accordingly, plaintiffs' unjust enrichment claim must fail.

### IV.     Count four: violations of NRS § 107.080 *et. seq.*

Count four of the complaint identifies two alleged deficiencies under Nevada's non-judicial foreclosure statute, NRS 107.080 *et. seq*. (Doc. #1). Plaintiffs first assert that the notice of default and election to sell fail to state a specific dollar amount to cure the deficiency. Second, plaintiffs argue that a copy of the promissory note was not attached to the notice of trustee's sale.

Pursuant to NRS 107.080(3)(a), the notice of default must "[d]escribe the deficiency in performance or payment . . . ." The statute does not require a specific dollar amount necessary to cure the deficiency. NRS 107.080(3)(a).

In the case at bar, the notice of default stated that there had been a "[f]ailure to pay the monthly payment due December 1, 2009 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary . . . ." (Doc. #17, Ex. E). This description of the deficiency sufficiently identifies the deficiency for purposes of NRS 107.080(3)(a). *See also Riley v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 1979831 at *2 (D. Nev. 2011) (stating that "this notice is substantially compliant with NRS § 107.080 because the notice describes the type of default, failure to pay on the mortgage, and provided [p]laintiffs with a simple means of determining the amount in arrears").

Under NRS 107.085, a trustee must attach a copy of the promissory note to the notice of trustee's sale if the "trust agreement concerns owner-occupied housing as defined in NRS 107.086" and the trust agreement is subject to § 152 of the Home Ownership and Equity Protection Act of 1994. Plaintiffs allege that a copy of the promissory note was not attached to the notice of trustee's

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  sale in this case.

2  Plaintiffs have never alleged that the property is subject to § 152 of the Home Ownership and

3  Equity Protection Act of 1994, 15 U.S.C. § 1602(aa), or is "owner-occupied housing as defined in

4  NRS 107.086." NRS 107.085(1)(a)-(b). Accordingly, the pleadings have not established that

5  defendants were required to attach a copy of the promissory note to the notice of trustee's sale.

6  Plaintiffs have failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

7  **V.     Count five: slander of title**

8  "The requisites to an action for slander of title are that the words spoken be false, that they

9  be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result

10 of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

11 Again, plaintiffs' slander of title allegations are premised on the alleged illegality of the

12 MERS system. (*See* Doc. #1). Plaintiffs have failed to establish that the "words spoken be false."

13 *See Rowland*, 662 P.2d at 1335; *Cervantes*, 2011 WL 3911031, at *6-7. Plaintiffs additionally have

14 failed to demonstrate that they have sustained a special damage as a result of defendants' words. *See*

15 *Cervantes*, 2011 WL 3911031, at *4. Therefore, they have failed to state a claim for slander of title

16 upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

17 Accordingly,

18 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

19 dismiss (doc. #17) be, and the same hereby is, GRANTED.

20 IT IS FURTHER ORDERED that plaintiffs' motion for preliminary injunction (doc. #21)

21 be, and the same hereby is, DENIED as moot. The preliminary injunction hearing scheduled for

22 November 22, 2011, is hereby vacated.

23 DATED November 18, 2011.

24

25

26                                           UNITED STATES DISTRICT JUDGE

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -